The Chancellor.
The matter of frand involved in this controversy is satisfactorily disposed of by the answers and the evidence. The complainant is the bona fide holder of the promissory note in question; hut having received it after maturity, he holds it subject to every equity which the drawer or endorser bad against the bolder of the note when it fell due, and subsequently, until notice that be bad parted with it.
If Moses Kanouse paid the note while it was in the bands of William R>. Winans, the complainant is entitled to the benefit of that payment; and Matthew IT. Cooper, to Avbom the note was subsequently assigned, cannot recover against the complainant, Avho was a subsequent endorser to Kanouse.
This is the only question which remains to he settled; but it is a question aaTlícIi, I think, this court ought not to decide under the circumstances in which it is presented.
Prior to the exhibiting of this hill, Cooper had commenced a suit at law upon the note against Little. On filing the hill, an injunction was granted to stay the suit at law, on the ground that the note was procured from the complainant fraudulently, and that the several defendants were combining together fraudulently to get from the complainant the amount due upon the note. It now appearing that the allegation of fraud was groundless, it leaves the case before this court upon the naked question *226 —whether Kanouse paid the note while it was in the hands of Winans after maturity, and before he assigned it to the defendant, Little. This court would not assume jurisdiction of the case for the purpose of trying that question. It is properly a question for a jury before a court of law. But it is said, that the court having jurisdiction of the case on other grounds, it is proper it should decide the question which is thus incidentally presented, and put an end to the controversy between the parties; that the jurisdiction of the court having rightfully attached, the cause will he retained for the purposes of relief. It is true the court sometimes acts on this principle; but it appears to me there would be manifest impropriety in following that rule in the present instance. The injunction restraining the suit at law has been dissolved, and the court of law has reassumed its jurisdiction of the case, or more properly speaking, the defendant, Cooper, has been permitted to prosecute his suit at law, and try the question, which this court is now urged to decide, before another tribunal. Suppose that tribunal should decide one way, and this court another ? A conflict of jurisdiction would thus he created between the two tribunals, to be attributed entirely to the action of this court. The injunction having been dissolved, the jurisdiction of this court over all questions involved in the suit at law ceased. From anything appearing to the contrary, it may be that the plaintiff in the suit at law has already obtained judgment, and the question alluded to may already he decided.
It appears to me very clear that the only course to be taken is to dismiss this bill without prejudice to the rights of the complainant. This leaves the parties to their remedy at law.